UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| RICHARD BURCH JR., ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> M. B. BITER, Warden, ) <br> ) <br> Respondent. ) <br> _____ ) | No. CV 11-4226-PSG (PLA) <br><br> **ORDER TO SHOW CAUSE RE SUCCESSIVE PETITION AND LACK OF EXHAUSTION** |

On April 15, 2011, petitioner filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition") in the United States District Court for the Eastern District of California. The case was transferred to this Court on May 19, 2011. The instant Petition challenges petitioner's 1986 conviction in the Los Angeles County Superior Court for which petitioner received a sentence of twenty five years to life, and appears to also challenge petitioner's denial of parole. (See Petition at 1, 6-9). For the reasons expressed below, it appears that the instant Petition is successive, unexhausted, or both.

A habeas petition is second or successive if it raises claims that were or could have been adjudicated on their merits in a previous petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); see also Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). "A disposition is 'on the merits' if the district court either considers and rejects the claims or

determines that the underlying claim will not be considered by a federal court." McNabb, 576 F.3d at 1029.

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Court observes that in 1991, petitioner filed an earlier habeas petition in this Court in Case No. CV 91-4989-WDK (EE), in which petitioner apparently challenged the same 1986 conviction being challenged herein. The 1991 petition was dismissed on the merits with prejudice in 1992. (See Case No. CV 91-4989-WDK (EE); see also Report and Recommendation of United States Magistrate Judge ("R&R") at p. 2, Case No. CV 00-7615-WDK (EE), Docket No. 20). The Ninth Circuit affirmed the denial of petitioner's 1991 habeas petition in a reasoned and unpublished decision. See Burch v. Gunn, 995 F.2d 230 (9th Cir. 1993) (unpublished disposition). Subsequently, on July 13, 2000, petitioner filed another habeas petition in this Court in Case No. CV 00-7615-WDK (EE), in which he again challenged his 1986 conviction in the Los Angeles County Superior Court. (See R&R at p. 1, Case No. CV 00-7615-WDK (EE), Docket No. 20). On February 21, 2001, this Court dismissed the 2000 petition as successive without prejudice to petitioner obtaining authorization from the Ninth Circuit for the Court to consider a second or

successive petition.[1] (See Judgment and Order in Case No. CV 00-7615-WDK (EE), both issued February 21, 2001).

In his 1991 federal habeas challenge, petitioner contended that the trial court's failure to give certain proposed jury instructions violated his due process rights. See Burch, 995 F.2d 230, at *1. As mentioned above, the action was dismissed on the merits and with prejudice. In the instant Petition, petitioner also challenges his 1986 conviction, again raising, among other claims, claims of jury instruction error. (See Petition at 6, 8).

Because petitioner's 1991 federal petition challenging his 1986 conviction was denied on the merits, petitioner's claims in the instant Petition also challenging his 1986 conviction are considered to be part of a second or successive application. Even if it were found that the claims raised in the instant Petition satisfy 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), petitioner is still required to seek authorization from the Ninth Circuit before filing a successive petition (28 U.S.C. § 2244(b)(3)(A)) -- i.e., just as petitioner was advised by this Court when it denied petitioner's 2000 petition as successive to his 1991 petition. (See Judgment and Order in Case No. CV 00-7615-WDK (EE)). There is no indication in the record that petitioner has obtained such authorization. See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). Thus, it appears that the Court is without jurisdiction to entertain the claims in the Petition challenging petitioner's 1986 conviction. See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

Furthermore, to the extent petitioner intends to raise a claim in the instant Petition challenging his denial of parole (see Petition at 6; Petition attachments), it appears that such a claim is unexhausted, as it has not been fairly presented to the California Courts.

---

[1] Petitioner apparently filed two additional habeas petitions in the federal district court, in Case Nos. CV 92-4449-LGB (EE) and CV 94-85-H, which were apparently resolved against petitioner on July 23, 1993, and May 16, 1994, respectively. (See R&R at pp. 2-3, Case No. CV 00-7615-WDK (EE), Docket No. 20).

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the state supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. California Dept of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, petitioner attaches to the instant Petition, among other things, filings pertaining to state habeas petitions that he filed in the Los Angeles County Superior Court, California Court of Appeal, and California Supreme Court in 2009 and 2010, in which petitioner apparently challenged his 2008 denial of parole.[2] (See Petition attachments). It appears from those attachments,

---

[2] Petitioner cites his 2009 and 2010 state habeas petitions as the state filings in which he exhausted his state judicial remedies. (See Petition at 6-9).

4

however, that the California courts denied petitioner's habeas petitions concerning his 2008 parole denial due, at least in part, to petitioner's failure to provide the courts with a sufficient factual basis for his habeas claims. Specifically, in an order dated April 9, 2009, the superior court advised petitioner that "[i]n order to understand the reasons for petitioner not being paroled, the Court requires two copies of the complete transcripts of .. petitioner's most recent Board of Parole Hearings hearing," as the court found it "impossible to conduct meaningful review" of petitioner's claims challenging his parole denial without a copy of the hearing transcripts. (See April 9, 2009, superior court order attached to Petition). Similarly, in a March 18, 2010, Order Denying Habeas Corpus Petition, the California Court of Appeal denied petitioner's state petition filed in that court on January 22, 2010, on the basis that petitioner had "failed to provide virtually all relevant documents relating to the September 26, 2008, hearing before the Board of Parole Hearings." (See March 18, 2010, court of appeal order attached to Petition). As the California Supreme Court denied petitioner's state habeas petition in an unreasoned en banc decision on December 1, 2010 (see December 1, 2010, decision attached to Petition), the Court must "look through" the unreasoned denial and assume that the California Supreme Court denied petitioner's state habeas petition filed in that court for the same reason as the California Court of Appeal -- because petitioner failed to provide sufficient documentation to support his claim challenging his parole denial. See Ylst v. Nunnemaker, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding the judgment or rejecting the same claim rest upon the same ground."); see also Shackleford v. Hubbard, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).

Since it appears from the attachments to the Petition that the California courts denied petitioner's habeas claims concerning his parole denial based on petitioner's failure to provide sufficient facts supporting his claims (i.e., he did not include copies of his parole hearing transcripts or other relevant documents relating to his parole denial), the Court cannot conclude that petitioner fairly presented those claims to the California courts. Thus, to the extent petitioner intends to challenge his parole denial in the instant Petition, that claim is not exhausted. Duncan, 513 U.S. at 365-66; Picard v. Connor, 404 U.S. at 275-78 (to exhaust habeas claims in the state

courts, a petitioner must present the operative facts and federal legal theory on which his claims are based); see also, e.g., Keeney v. Tamayo-Reyes, 504 U.S. 1, 9, 112 S.Ct. 1715, 118 L.Ed.2d 318 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) ("The state court is the appropriate forum for resolution of factual issues in the first instance, and creating incentives for the deferral of factfinding to later federal-court proceedings can only degrade the accuracy and efficiency of judicial proceedings."); Armstrong v. Hartley, 2010 WL 2180375, at *3 (E.D. Cal. May 28, 2010) (finding unexhausted petitioner's habeas claims challenging his denial of parole, where petitioner failed to provide the state courts with a sufficient factual basis concerning his parole denial claims). Since petitioner's claim in the instant Petition pertaining to his parole denial is thus unexhausted, it is subject to being dismissed without prejudice. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir.1997).

Accordingly, as all of petitioner's claims in the Petition appear to be successive and/or unexhausted, **no later than June 14, 2011**, petitioner is ordered to show cause why the Petition should not be dismissed without prejudice as successive and for failure to exhaust state remedies. Petitioner is advised that his failure to timely respond to this Order will result in the action being dismissed for failure to prosecute and follow Court orders.[3]

DATED: May 24, 2011

*Paul L. Abrams*

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

---

[3] Moreover, petitioner did not properly complete his Petition because he failed to sign the Petition form to certify under penalty of perjury that the information in the Petition is true and correct. 28 U.S.C. § 2242 requires that a petition for writ of habeas corpus be "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." Petitioner's failure to sign the Petition, by itself, warrants dismissal. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) ("The district court may refuse to file, or may dismiss, an unsigned and unverified petition.") (citing In re Application of Gibson, 218 F.2d 320 (9th Cir. 1954) (affirming the district court's refusal to file an unverified petition), cert. denied, 348 U.S. 955 (1955)). Accordingly, if the Court concludes that petitioner shows cause why the Petition should not be dismissed for the reasons discussed above, petitioner will be given an opportunity to file an Amended Petition that is properly signed and verified.